IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GILNER, | No. C-07-0960 MMC |
|     Appellant, | **ORDER AFFORDING APPELLANT FINAL OPPORTUNITY TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED** |
|     v. | |
| LINDA LICALSI, et al., | |
|     Appellees / | |

By order filed July 3, 2007, the Court ordered appellant to file and serve on appellees, no later than August 3, 2007, the following documents: (1) her opening brief in the above-titled appeal from a final order of the Bankruptcy Court, and (2) "the Record on Appeal, which shall consist of a copy of each document filed in the Bankruptcy Court relevant to the issue presented, i.e., each document necessary for the Court to determine whether, as appellant asserts, the Bankruptcy Court erred in granting appellees' motion for summary judgment."[1] (See Order, filed July 3, 2007, at 2:2-8.) Because appellant failed to timely file and serve either her opening brief or the Record on Appeal, the Court, by order filed August 10, 2007, directed appellant to show cause, no later than August 22, 2007 why the instant appeal should not be dismissed for failure to prosecute.

---

[1] The Court advised appellant that she was not required to file a copy of the relevant transcript because said transcript had been forwarded to the District Court by the Bankruptcy Clerk.

On August 21, 2007, appellant filed a document captioned "To Show Cause for Appeal and Why Appeal Should Not Be Dismissed," and which includes the title "Opening Brief." Appellant offered no explanation for the untimely filing of her opening brief, and, more importantly, appellant failed to file and serve the Record on Appeal. In an apparent explanation for her failure to file and serve the Record on Appeal, however, appellant states "the Record on Appeal has been electronically sent by the Bankruptcy Court to the [District] Court" and "[a]ll relevant documents are in the possession of the [a]ppellee's council [sic]." (See Opening Brief at 1.)

The first of these two excuses is unpersuasive because the Bankruptcy Clerk has not forwarded, electronically or otherwise, the Record on Appeal to the District Court. Although such excuse could constitute good faith if appellant were acting under a mistake of fact, appellant had actual knowledge no such forwarding had occurred, because this Court advised appellant on July 3, 2007 that the Bankruptcy Clerk had forwarded to the District Court the transcript of the relevant hearing and that "no further documents will be forwarded by the Bankruptcy Clerk to this Court," (see Order, filed July 3, 2007, at 1:21-22), and, as discussed above, the Court, on that same date, directed appellant to file the Record on Appeal. Indeed, it is unclear how this Court's order could have been clearer with respect to appellant's duty to file the Record on Appeal.

The second of appellant's excuses is also unpersuasive because it is appellant's burden, not appellees', to provide this Court with the Record on Appeal.

In sum, appellant has failed to show good cause for her failure to file a timely opening brief and, more importantly, for her failure to file the Record on Appeal. Accordingly, the Court declines to discharge its August 10, 2007 order to cause and, instead, considers whether terminating sanctions are appropriate. See Morrissey v. Stuteville (In re Morrissey), 349 F. 3d 1187, 1189-91 (9th Cir. 2003) (affirming order summarily affirming bankruptcy court's order as a sanction where, inter alia, "record [appellant] provided was so inadequate that the [reviewing court] was unable to review the multiple questions of fact that [appellant] raised"; stating "inadequacy of the record and the

2

1  briefing afforded the [reviewing court] little choice but to affirm summarily").

2  "When imposing sanctions for non-jurisdictional, procedural defaults and deficiencies
3  in the management of litigation, the selection of the sanction must take into consideration
4  the impact of the sanction and the alternatives available to achieve assessment of the
5  penalties in conformity with fault." Id. at 1190 (internal quotation and citation omitted).
6  Here, given appellant's failure to comply with this Court's order to provide the Record on
7  Appeal, the Court is unable to determine whether the arguments made by appellant in her
8  opening brief have any merit, and, consequently, the sanction of summary affirmance
9  would be appropriate. See id. at 1191.

10  Nevertheless, the Court will afford appellant one further opportunity to discharge the
11  order to show cause filed August 10, 2007, by, specifically, filing the Record on Appeal no
12  later than September 7, 2007. Cf. id. at 1191 n. 1 (observing reviewing court put appellant
13  on notice record on appeal was deficient before summarily affirming bankruptcy's order as
14  sanction for failure to, inter alia, file adequate record on appeal).  Again, as the Court
15  previously explained, the Record on Appeal filed by appellant must consist of a copy of
16  each document filed in the Bankruptcy Court relevant to the issue presented, i.e., each
17  document necessary for the Court to determine whether, as appellant asserts, the
18  Bankruptcy Court erred in granting appellees' motion for summary judgment.

19  If appellant fails to timely file a sufficient record for this Court to determine whether
20  the contentions set forth in her opening brief have merit, the Court will have no option but to
21  summarily affirm the order of the Bankruptcy Court.[2]

22  **IT IS SO ORDERED.**

23
24  Dated: August 27, 2007
25  MAXINE M. CHESNEY
    United States District Judge

---

28  [2] Appellees need not file a responsive brief to appellant's opening brief unless directed by the Court to do so.

3